Nunez v. SOT









NUMBER 13-02-00203-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

 



JOHNNY JOE NUNEZ, Appellant,



v.




THE STATE OF TEXAS, Appellee.

 
On appeal from the 36th District Court of Aransas County, Texas.

 


O P I N I O N


Before Justices Hinojosa, Yañez, and Garza

Opinion by Justice Hinojosa


 The trial court found that appellant, Johnny Joe Nunez, violated the terms of his deferred adjudication community supervision,
adjudicated him guilty of the offense of aggravated sexual assault of a child, and assessed his punishment at twenty years
imprisonment. In a single issue, appellant contends the punishment is excessive and disproportionate to the seriousness of the
offense and constitutes cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States
Constitution. We affirm.

 Appellant pleaded guilty to the offense of aggravated sexual assault of an eight-year-old child, and the trial court placed him on
deferred adjudication community supervision for a term of ten years. The State subsequently filed a motion to revoke community
supervision and to adjudicate, alleging various violations of the community supervision order. Appellant pleaded "not true" to the
State's allegations, and the trial court held an evidentiary hearing. The court found that appellant had violated the terms of his
community supervision order by: (1) failing to pay supervisory fees; (2) failing to participate in a sex offender group therapy
program; and (3) going within sixty-six feet of the victim's school, when the order specifically prohibited him from going "within
1,000 feet of the residence, school, or other location of the victim." The trial court found appellant guilty of aggravated sexual
assault of a child and assessed his punishment at twenty years imprisonment in the Institutional Division of the Texas Department of
Criminal Justice. 

 Punishment falling within the applicable range prescribed by the legislature is not excessive, cruel or unusual. Morales v. State,
897 S.W.2d 424, 427 (Tex. App.-Corpus Christi 1995, pet. ref'd) (citing Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim.
App. 1983)). Aggravated sexual assault of a child is a first degree felony and is punishable by imprisonment in the Institutional
Division of the Texas Department of Criminal Justice for life or for any term of not more than 99 years or less than 5 years. Tex.
Pen. Code Ann. §§ 12.32, 22.021(e) (Vernon 2003).

 This case is very similar to Mathews v. State, 918 S.W.2d 666, 667 (Tex. App.-Beaumont 1996, pet. ref'd). In that case,
Mathews was adjudicated guilty of the offense of aggravated sexual assault of a child and sentenced to thirty years imprisonment
after he violated his deferred adjudication probation. Mathews recognized that his sentence fell within the range of punishment
prescribed by the Texas legislature for first degree felonies. Id. at 668. However, he argued that his thirty-year sentence was
disproportionate to the offense charged because his actions did not cause loss of life or result in a monetary loss to the victim and
because many persons convicted of murder receive sentences of less than thirty years. Id. The Beaumont Court of Appeals
concluded that Mathews' sentence of thirty years was not grossly disproportionate to the offense of aggravated sexual assault of a
child. Id. at 669. "We do not look to the grounds for adjudication to determine if the sentence is grossly disproportionate; we look
to the facts of the crime." Id. The court reasoned that although the act did not result in any "loss of life," such an act has a "high
probability for resulting in the mental and emotional death of the young victim." Id. Furthermore, the thirty-year sentence fell on the
low end of the range of punishment established by the legislature. Id. We agree with the reasoning of our sister court. 

 In this case, appellant was found guilty of the offense of aggravated sexual assault of a child, an offense punishable by imprisonment
for life or for a term of not more than 99 years or less than 5 years. See Tex. Pen. Code Ann. §12.32 (Vernon 2003). The
twenty-year sentence imposed by the trial court is well below the maximum term of imprisonment permitted for a first degree felony. 
In light of the nature of appellant's offense and the punishment range available, we conclude that appellant's twenty-year sentence is
not excessive, cruel or unusual.

 Appellant's sole issue is overruled.

 The judgment of the trial court is affirmed.



FEDERICO G. HINOJOSA

Justice





Publish. See Tex. R. App. P. 47.2(b).



Opinion delivered and filed this the

3rd day of July, 2003.