NUMBER 13-06-427-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JESSE JAMES GARCIA, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 36th District Court 

of San Patricio County, Texas

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Justice Vela


 

 This is a revocation of community supervision case. By his sole issue, appellant
contends that the trial court's sentence constituted cruel and unusual punishment. We
affirm.


Background

 On September 29, 2003, appellant, Jesse James Garcia, pleaded guilty to
aggravated assault in the 36th Judicial District Court of San Patricio County. The trial
court assessed punishment at five (5) years confinement in the Institutional Division
of the Texas Department of Criminal Justice, but it placed Garcia on community
supervision for a period of ten (10) years. On July 10, 2006, Garcia appeared before
the trial court and pleaded true to the State's allegations that he had violated the terms
and conditions of his probation. The trial court revoked Garcia's probation and
imposed a sentence of four and one-half years in prison.

 The record reflects that the trial court gave the statutorily required
admonishments to Garcia and that his plea was found by the court to have been given
knowingly and voluntarily. The court accepted Garcia's plea of true and heard the
following evidence: 1) on or about the 24th day of December, 2004, Garcia
intentionally and knowingly committed the offense of indecent exposure; 2) on or
about the 26th day of December 2004, Garcia committed the offense of assault; 3)
on or about the 10th day of August 2004, Garcia failed to pay supervisory fees as
ordered by the court; and 4) on or about the 10th day of July 2004, Garcia failed to
pay fines and court costs as ordered by the court. 

 Garcia's attorney called both Garcia and his mother to testify. Garcia admitted
that he had violated his probation by committing the alleged offenses, but he asked
the court for leniency. Garcia's mother testified that her son helped support her and
requested that he be given a second chance. The trial court revoked Garcia's
community supervision and sentenced him to four and one-half years in prison.

 By his sole issue, Garcia complains that the court's sentence constituted cruel
and unusual punishment because he had been convicted and served a sentence of
incarceration for the criminal offense that served as a basis for the State's motion to
revoke his community supervision. As a result, he claims, he was essentially facing
incarceration for the misdemeanor offense for which he had already been punished. 
(Garcia served a 60 day jail sentence for his assault conviction in Bee County).

 The record contains no objections by appellant concerning his sentence. An
appellant must present to the trial court a timely, specific objection and obtain an
adverse ruling to preserve for appeal his or her complaints concerning cruel and
unusual punishment and violation of due process rights. See TEX. R. APP. P.
33.1(a)(1)(A); Schneider v. State, 645 S.W.2d 463, 466 (Tex. Crim. App. 1983)
(contention that sentence was void because it inflicted cruel and unusual punishment
not preserved for review when complaint not brought to trial court's attention);
Alexander v. State, 137 S.W.3d 127, 130-31 (Tex. App.Houston [1st Dist.] 2004,
pet. ref'd) (holding that failure to object to violations of federal and state due process
rights waives appellate review of those claims); Solis v. State, 945 S.W.2d 300, 301
(Tex. App.Houston [1st Dist.] 1997, pet. ref'd) (holding that failure to object that
sentence is grossly disproportionate to offense and violates federal and state
constitutional guarantees against cruel and unusual punishment waives appellate
review of those claims). We conclude that appellant waived his challenge to his
sentence by failing to assert an objection on the grounds that the sentence constituted
cruel and unusual punishment. 

 In any event, the punishment does not violate constitutional provisions. The
Eighth Amendment to the United States Constitution provides, "Excessive bail shall
not be required, nor excessive fines imposed, nor cruel and unusual punishment
inflicted." U.S. CONST. amend. VIII; Robinson v. California, 370 U.S. 660, 675
(1962). It is well settled that the benchmark to judge excessive incarceration is
whether the punishment assessed is within the limits prescribed by statute. See
Lombardo v. State, 502 S.W.2d 780, 784 (Tex. Crim. App. 1974); Albro v. State,
502 S.W.2d 715, 716-17 (Tex. Crim. App. 1973); Samuel v. State, 477 S.W.2d 611,
614 (Tex. Crim. App. 1972). Punishment falling within the applicable range prescribed
by the legislature is not excessive, cruel, or unusual. Nunez v. State, 110 S.W.3d
681, 682 (Tex. App.Corpus Christi 2003, no pet.); Morales v. State, 897 S.W.2d
424, 427 (Tex. App.Corpus Christi 1995, pet. ref'd) (citing Harris v. State, 656
S.W.2d 481, 486 (Tex. Crim App. 1983)). In Matthews v. State, 918 S.W.2d 666,
669 (Tex. App.Beaumont 1996, pet. ref'd), the court stated, "we do not look to the
grounds for adjudication to determine if the sentence is grossly disproportionate; we
look to the facts of the crime." Id. 

 Here, the underlying offense Garcia was convicted of was aggravated assault,
a second-degree felony. TEX. PENAL CODE ANN. § 22.02(b) (Vernon Supp. 2006). 
[The range of punishment for a second-degree felony is two (2) to twenty (20) years
and up to a $10,000 fine. Id. The offense for which appellant's probation was
revoked and incarcerated was the second-degree felony of aggravated assault, not the
misdemeanor offenses that appellant committed while on community supervision. The
sentence was well within the range of punishment for a second-degree felony. See
Id. Thus, the sentence was not cruel and unusual. See Nunez, 110 S.W.3d at 682. 
We affirm. 




 ROSE VELA

 Justice




Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 28th day of June, 2007.