

# NUMBER 13-12-00147-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JESSICA CORTEZ,                                                                     Appellant,

v.

THE STATE OF TEXAS,                                                              Appellee.

## On appeal from the 105th District Court
## of Kleberg County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Rodriguez

Appellant Jessica Cortez challenges her convictions for endangering a child and evading arrest with a motor vehicle. *See* TEX. PENAL CODE ANN. § 22.041(c) (West 2011), § 38.04(a) (West Supp. 2011). By one issue, Cortez argues that the

eighteen-month sentences of incarceration imposed by the trial court after revoking her probation were disproportionate to the seriousness of the convicted offenses. We affirm.

## I. Background

Cortez was indicted for child endangerment and evading arrest in connection with an incident in which she fled from police in her vehicle while a child was inside the vehicle. Cortez pleaded guilty to the two charged offenses, and the trial court deferred adjudication and placed her on community supervision for a term of three years.

The State filed a motion to revoke on both counts, alleging several violations of Cortez's community supervision terms. At the revocation hearing, Cortez pleaded true to all alleged violations. The trial court revoked her community supervision, adjudicated her guilty as to both counts, and sentenced her to eighteen months incarceration in the state jail on both counts, which sentences were ordered to run concurrently.

## II. Discussion

By her sole issue, Cortez contends that the punishment assessed by the trial court was disproportionate to the crime. The State contends the issue was not preserved for our review because Cortez did not raise a proper objection in the trial court. We agree with the State.

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines, nor cruel and unusual punishment inflicted." U.S. CONST. amend. VIII. This right can be waived if a defendant fails to object to her sentence on this basis. *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st

2

Dist.] 2007, pet. ref'd) (concluding that by failing to object, the appellant did not preserve an argument that the sentence was grossly disproportionate to the offense).  To preserve a complaint of disproportionate sentencing, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. *Noland*, 264 S.W.3d at 151–52; *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi 2005, pet. ref'd); *see* TEX. R. APP. P. 33.1(a); *Ponce v. State*, 89 S.W.3d 110, 114–15 (Tex. App.—Corpus Christi 2002, no pet.) (holding that Ponce failed to preserve his claims involving illegal sentences because he did not raise an objection in the trial court); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi 1989, pet. ref'd) (holding that Quintana waived his cruel and unusual punishment argument by failing to object).

Here, Cortez did not object when the trial court pronounced her sentence, and she did not raise the issue in a motion for new trial.   Therefore, Cortez has not preserved this issue for our review.   *See Noland*, 284 S.W.3d 151–52; *see also* TEX. R. APP. P. 33.1(a). Regardless, we note that even had Cortez preserved this issue, her 180-day sentences were the minimum sentences prescribed for her state jail felony convictions.   *See* TEX. PENAL CODE ANN. § 12.35(a) (West Supp. 2011); *see also id.* §§ 22.041(c), (f), 38.04(a), (b)(1)(B).   And punishments within the statutory limit are generally not found to be excessive, cruel, or unusual.   *See Nunez v. State*, 110 S.W.3d 681, 682 (Tex. App.—Corpus Christi 2003, no pet.).

We overrule Cortez's appellate issue.

### III.  Conclusion

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 12th
day of September, 2013.

4