

# NUMBER 13-21-00159-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MICHELLE PUENTES,                                                                                   Appellant,

v.

THE STATE OF TEXAS,                                                                                   Appellee.

## On appeal from the 36th District Court
## of San Patricio County, Texas.

## MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Silva
### Memorandum Opinion by Justice Longoria

Appellant Michelle Puentes appeals from a judgment revoking her community supervision and sentencing her to six years in the Institutional Division of the Texas Department of Criminal Justice (TDCJ). By one issue, Puentes argues that her punishment is excessive in violation of the Eighth Amendment of the United States Constitution. *See* U.S. CONST. amend. VIII. We affirm.

## I.    BACKGROUND

Puentes was indicted on January 19, 2016, for possessing, with the intent to deliver, a controlled substance in Penalty Group 1, specifically, cocaine, in an amount of at least one gram but less than four, a second-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(c). At a bench trial on April 4, 2016, the trial court found Puentes guilty of a lesser-included offense of possession of a controlled substance in an amount of one gram or more but less than four grams, a third-degree felony, *see id.* § 481.115(c), and on May 5, 2016, the trial court sentenced Puentes to eight years in TDCJ but suspended the sentence and placed her on community supervision for said time.

On January 15, 2021, the State moved to revoke Puentes's community supervision alleging nine violations. Allegations one through four pertained to four new drug-related offenses that occurred on or about December 13, 2020, alleging possession of a "useable quantity of marijuana four (4) ounces or less but more than two (2) ounces," "a . . . compound . . . in amount of less than twenty-eight (28) grams that contain a quantity of Xanax," "a . . . compound . . . in an amount of 20 dosage units, that contain a quantity of Codeine, also known as Hyrdrocodone," and "cocaine in an amount of four (4) grams or more but less than 200 grams." Allegations five through eight accuse Puentes of failing to report her arrest for the new alleged drug-offenses within two working days to the supervision officer of San Patricio County, Texas, and allegation nine related to Puentes's purported failure to pay a monthly statutory supervisory fee of $60 during certain specified months.

The trial court held a hearing on the State's motion wherein Puentes pleaded not true to allegations 1 through 4, and true to allegations 5 through 9. After the State

requested revocation of Puentes's community supervision and Puentes requested a continuation, the trial court sentenced her to six years' confinement in the TDCJ. This appeal followed. *See* TEX. R. APP. P. 25.2.

## II.   DISCUSSION

By one issue, Puentes argues that the trial court's punishment of six years is excessive in violation of the Eighth Amendment to the United States Constitution and requests a new sentencing hearing. *See* U.S. CONST. amend. VIII. The State responds the trial court's six-year sentence does not constitute cruel and unusual punishment. *See id.* Also, as shown below, Puentes asserts that her error was preserved while the State asserts that it was not.

## A.   Applicable Law

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. An allegation of excessive or disproportionate punishment is a legal claim "embodied in the [United States] Constitution's ban on cruel and unusual punishment" and based on a "narrow principle that does not require strict proportionality between the crime and the sentence." *State v. Simpson*, 488 S.W.3d 318, 322 (Tex. Crim. App. 2016) (citing *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)); *see* U.S. CONST. amend. VIII. A successful challenge to proportionality is exceedingly rare. *Simpson*, 488 S.W.3d at 322–23 (citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)).

## B.   Analysis

We initially address whether Puentes preserved error. Puentes contends that she preserved her challenge because the trial court "effectively overruled . . . [her oral] motion

3

for probation[.]" The State responds that Puentes did not preserve error because Puentes neither objected at the hearing on the State's motion nor filed a motion for new trial raising this issue.

To preserve an issue on appeal, there must be a timely objection that specifically states the legal basis for the objection. *See* TEX. R. APP. P. 33.1(a); *Delagarza v. State*, 635 S.W.3d 716, 729 (Tex. App.—Corpus Christi–Edinburg 2021, pet. ref'd); *Loveall v. State*, No. 13-17-00237-CR, 2018 WL 1870555, at *2 (Tex. App.—Corpus Christi–Edinburg Apr. 19, 2018, no pet.) (mem. op., not designated for publication). Moreover, when the sentence imposed is within the punishment range, the failure to object to the trial court or assert the complaint in a post-trial motion waives error. *See Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd).

Here, we are not persuaded by Puentes's argument because her request for continued community supervision occurred before the trial court's imposition of her six-year sentence, not after. Moreover, after the trial court assessed its punishment, Puentes did not object to the sentence on any ground, nor did she file a motion for new trial. Thus, she has waived her complaint on appeal. *See* TEX. R. APP. P. 33.1(a); *Delagarza*, 635 S.W.3d at 729; *see also Loveall*, 2018 WL 1870555, at *2 (concluding appellant's excessive-sentence argument was waived because appellant did not object at the trial level or challenge the sentence with a post-trial motion).

Even assuming Puentes had preserved her error, her six-year sentence falls within the statutory range of punishment. *See* TEX. PENAL CODE ANN. § 12.34; *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd) (providing that a sentence is

4

unlikely to be disturbed on appeal if it is assessed within the legislatively determined range); *Nunez v. State*, 110 S.W.3d 681, 682–83 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.) (affirming appellant's twenty-five-year sentence for aggravated sexual assault of a child given the nature of the offense and the punishment range available); *see also Amador v. State*, No. 13-19-00562-CR, 2021 WL 5456661, at *1, *9 (Tex. App.—Corpus Christi–Edinburg Nov. 23, 2021, pet. ref'd) (mem. op., not designated for publication) (affirming appellant's twenty-five-year sentence for delivery of a controlled substance in Penalty Group 1, in an amount of four grams or more but less than 200 grams as it fell within the statutory prescribed punishment range). Accordingly, we overrule her sole issue.

## III.    CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
16th day of June, 2022.