**Kevin Joseph MATHEWS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–95–050 CR.**

Court of Appeals of Texas, Beaumont.

Submitted Nov. 6, 1995.

Decided March 27, 1996.

Criminal District Attorney, Beaumont, for State.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

This is an appeal of a conviction for the felony offense of aggravated sexual assault of a child. On July 18, 1994, appellant was placed on ten years' deferred adjudication probation for the above stated offense. On or about October 5, 1994, the State filed an amended "motion to revoke unadjudicated probation."[1] Subsequently, the appellant entered a plea of true to counts one and five of the amended motion. The trial court proceeded with an adjudication of guilt on the original charge. After adjudication of guilt, the trial court sentenced appellant to thirty years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

The record before us reflects that appellant filed a motion for new trial on or about December 14, 1994, which was denied by the trial court on January 18, 1995. On or about January 23, 1995, appellant filed a motion reurging his motion for new trial and evidentiary hearing. This second motion was denied by the trial court on the same day it was filed. Appellant raises two points of error on appeal. Point of error one states:

> The trial court erred and abused its discretion when it violated Appellant's due process and equal protection rights under the Fifth and Fourteenth Amendments to the U.S. Constitution, Article 1, Section 19, of the Texas Constitution, and Article 1.04 of the Texas Code of Criminal Procedure, by failing to allow Appellant an opportunity to present evidence in support of his Motion for New Trial, thereby denying Appellant meaningful appellate review.[2]

Bruce Neill Smith, Beaumont, for appellant.

Tom Maness, Criminal District Attorney, Beaumont Rodney D. Conerly, Assistant

1. Said instruments are more properly entitled, "Motion To Adjudicate." *See* TEX.CODE CRIM.PROC. ANN. art. 42.12, sec. 5(b) (Vernon Supp.1996).

2. In support of this point of error, appellant has cited both the federal constitution and the Texas constitution. However, appellant has not briefed his Texas constitutional claim separately. As the Texas Court of Criminal Appeals has repeatedly recognized, "[a]ttorneys, when briefing constitutional questions, should carefully separate federal and state issues into separate grounds and provide substantive analysis or argument on each separate ground. If sufficient distinction be-

In *Bearden v. State,* 648 S.W.2d 688, 690 (Tex.Crim.App.1983), the Court of Criminal Appeals stated:

> In *Hicks v. State,* 75 Tex.Cr.R. 461, 171 S.W. 755 (Tex.Cr.App.1914) (on rehearing), the Court went to great lengths to explain and support the rule that when the grounds for new trial are outside of the record an appellant "must support it by his own affidavit *or the affidavit of someone else* specifically showing the truth of the grounds of attack." [footnote omitted]
>
> "The rules of law above shown, wherein it is expressly required that any ground in a motion for new trial which is extrinsic the record, attacking the verdict of the jury, must and shall be supported by affidavit, in order to even raise the question as to authorize the lower court to consider it at all, is [sic] absolutely essential to the due administration of justice and the proper procedure in the trial of causes in the court below. Otherwise what a floodgate of mere 'fishing' with a dragnet would be turned loose, unsupported by affidavit or the record, or otherwise! ... The practice in the lower court has all the time been for an accused, *or someone for him,* who knows the facts, to swear to any extrinsic attack of the verdict, in order to have such ground considered." *Hicks,* 171 S.W. at 765–766. [emphasis in original]

In the instant case, the record before us reflects that appellant's motions for new trial were neither verified nor supported by affidavits in support thereof. The record reflects that appellant was represented by counsel on all post-conviction proceedings, so we do not face the anomaly which existed in *Connor v. State,* 877 S.W.2d 325 (Tex.Crim. App.1994). The motions before the trial court being insufficient as pleadings, the trial court did not err in denying both without an evidentiary hearing. Point of error one is overruled.

Appellant's second point of error reads as follows:

> The trial court abused its discretion in sentencing Appellant to 30 years confinement in prison inasmuch as 30 years confinement is excessive and constitutes cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution, Article 1, Section 13, of the Texas Constitution, and Article 1.09 of the Texas Code of Criminal Procedure.

Under this point of error, appellant argues that his thirty year sentence was disproportionate to the offense charged because "Appellant's actions did not cause loss of life, nor did Appellant's actions result in a monetary loss to the victim. Many persons convicted of murder receive lesser sentences than thirty years[.]" Appellant concludes that his thirty year sentence for the offense charged "shocks the conscience." Appellant recognizes that his thirty year sentence falls within the range of punishment prescribed by the Texas legislature for first degree felonies. *See* TEX.PENAL CODE ANN. § 12.32 (Vernon 1994).

After appellant and the State filed their briefs in this cause, *Puga v. State,* 916 S.W.2d 547 (Tex.App.—San Antonio, 1996, no pet. h.) was handed down. This is an excellent condensed discussion of the law of disproportionate sentences, and we rely heavily on this recent opinion from former Presiding Judge John Onion, Jr. In *Puga,* Judge Onion focuses in on the apparent overruling of *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), by the Supreme Court's subsequent opinion in *Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). *Puga,* 916 S.W.2d at 548. With regard to any firm guidelines for appellate courts in reviewing the issue of proportionality of sentences, Judge Onion observed:

> *Harmelin* left the law, as appellant concedes, in a confusing state. Justice Scalia, joined by the Chief Justice, wrote, "*Solem* was simply wrong; the Eighth Amend-

---

tween state and federal constitutional grounds is not provided by counsel, this Court may overrule the ground as multifarious." *Heitman v. State,* 815 S.W.2d 681, 690 n. 23 (Tex.Crim.App.1991); *Lawton v. State,* 913 S.W.2d 542, 558 (Tex.Crim.

App.1995). *See also McCambridge v. State,* 712 S.W.2d 499, 501 n. 9 (Tex.Crim.App.1986); TEX. R.APP.P. 74. Accordingly, appellant's first point of error provides no basis for an independent analysis under the Texas constitution.

ment contains no proportionality guarantee." *Harmelin*, 501 U.S. at 965, 111 S.Ct. at 2686. Justice Kennedy, joined by Justices O'Connor and Souter, found that the Eighth Amendment encompasses a narrow proportionality principle that applies to non-capital sentences and clarified *Solem's* three-factor analysis. 501 U.S. at 995–1010, 111 S.Ct. at 2701–10. Justices White and Marshall, writing separately, concluded that the Eighth Amendment does include a "proportionality principle." Justices Stevens and Blackmun found the sentence "capricious" which violated the cruel and unusual punishment provision of the Eighth Amendment and by inference, any "proportionality" requirements. *Id.*

Judge Onion ends his analysis of the state of the law by declaring: "This much is clear: disproportionality survives; *Solem* does not." He sets out the test as follows:

> Accordingly, we will initially make a threshold comparison of the gravity of [appellant's] offenses against the severity of his sentence. Only if we infer that the sentence is grossly disproportionate to the offense will we then consider the remaining factors of the *Solem* test and compare the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions.

*Id.* at 548–549.

 In the instant case, we find that appellant's sentence of thirty years is not grossly disproportionate to the offense of aggravated sexual assault of a child. We do not look to the grounds for adjudication to determine if the sentence is grossly disproportionate; we look to the facts of the crime. Appellant was twenty-five years old at the time of the offense. While we have no actual evidence of the events surrounding the sexual assault, the record does reflect that appellant initially pleaded guilty to having vaginal intercourse with a female victim who was younger than fourteen years old at the time of the offense. Certainly the great potentiality for mental, emotional, and physical scarring of a sexual assault victim—a child of such tender years—cannot be seriously questioned. Short of murder, we cannot envision a crime of greater infamy perpetrated against a child of such tender years.

While not resulting in any "loss of life," such an act, to which appellant admittedly engaged, has a high probability for resulting in the mental and emotional death of the young victim. Furthermore, the thirty year sentence falls on the low end of the range of punishment established by the legislature. Said sentence is sixty-nine years below the maximum enumerated term of imprisonment permitted. We simply cannot say that appellant's sentence is grossly disproportionate to his crime. It does not violate the cruel and unusual punishment provision of the Eighth Amendment. Point of error two is overruled. The judgment and the sentence of the trial court are affirmed.

AFFIRMED.