smith v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-259-CR

DAVID BENSON SMITH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant David Benson Smith entered a plea of guilty to the offense of sexual assault of a child under seventeen, and the jury assessed his punishment at eighteen years’ confinement in the Institutional Division of the Texas Department of Criminal Justice and a fine of eight thousand dollars.  The trial court sentenced him accordingly.  Appellant brings three points on appeal, challenging the trial court’s admission of evidence over his hearsay objection and arguing that his sentence violates federal and state constitutional prohibitions against a sentence grossly disproportionate to the crime.  Because  the trial court did not err, we affirm the trial court’s judgment.  

Background Facts

Appellant entered a plea of guilty to the allegation that on August 15, 2001, he did knowingly and intentionally commit the offense of sexual assault of a child under seventeen years of age.  The child was his step-daughter, Complainant.  By the time she was fifteen years old, Appellant was having regular sexual relations with her.  Complainant became pregnant, and Appellant conspired to have the pregnancy aborted without his wife finding out.  Complainant’s mother discovered his plan and immediately took her to the police.  An abortion was later performed, and a DNA test on the fetus established that Appellant was the father.

Hearsay Objection

During the punishment phase of the trial, the following dialogue transpired between the prosecutor and Complainant:

Q. And do people -- do other kids at your school know what has happened to you?

A. A lot of them.

Q. Did you tell them about that?

A. No.  A lot of people -- I mean, it’s just kids[—]talk and if one kid knows, everybody knows.

Q. All right.  And have things been said to you?

A. Yeah.

Q. Have they been unkind things?

A. Yeah.

Q. Having to do with what the Defendant did to you?

A. Yeah.

Q. What types of things have been said to you?

[Defense Counsel]:  Object to hearsay, Judge.

THE COURT:  Overruled.

Q. [by prosecutor] Go ahead.

A. I had a guy say to me one time, what type of girl are you that your own dad would even rape you.  And I have had stuff written on my car before.

Q. What have you had written on your car?

A. Well, it was marks all over my car and then on the back window, over the whole window, there was a big penis and it said suck this.  And then it had the initials DS and ZJ on it.

Q. Okay.  What else has been said to you?

A. I’ve just had people say stuff like, well, did you not have the courage to tell anybody or, you know, what kind of person are you to just take that or why couldn’t -- you know, why does it depress you.

In his first point on appeal, Appellant argues that the trial court erred in admitting what he describes as prejudicial hearsay at the punishment phase of the trial.  “‘Hearsay’ is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.”
(footnote: 2)  An out-of-court statement offered for the purpose of showing what was said rather than the truth of the matter stated is not hearsay.
(footnote: 3)
 When Complainant testified to unkind things her fellow students had said to her, she was merely describing the statements and not asserting the truth of the statements.  They were not offered for the truth of the assertions, but merely to show that the statements were made.  Consequently, this evidence does not constitute hearsay, and the trial court properly overruled Appellant’s objection.  We overrule Appellant’s first point on appeal.

Disproportionality of the Sentence

In his second and third points on appeal, Appellant argues that his eighteen-year sentence violates the Eighth Amendment to the United States Constitution and article I, section 13 of the Texas Constitution because the sentence is “grossly disproportionate to the crime.”  

Justice Walker of this court has thoroughly and thoughtfully addressed this issue.  I borrow her analysis:

Much confusion exists concerning whether the Eighth Amendment contains a proportionality guarantee prohibiting sentences that are grossly disproportionate to the offense.  In 1983, in 
Solem v. Helm
, the United States Supreme Court affirmatively held that the Eighth Amendment prohibited "disproportionate" prison sentences.  463 U.S. 277, 284, 103 S. Ct. 3001, 3006 (1983) (recognizing that "[t]he final clause [of the Eighth Amendment] prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed").  In 
Solem
, the Supreme Court set aside, as violative of the Eighth Amendment, a sentence of life imprisonment without the possibility of parole imposed under a South Dakota recidivist statute.  
Id.
 at 303, 103 S. Ct. at 3016-17.  The Supreme Court identified three criteria to be used to evaluate the proportionality of a particular sentence.  
Id.
 at 292, 103 S. Ct. at 3011.  They are "the gravity of the offense and the harshness of the penalty; . . . the sentences imposed on other criminals in the same jurisdiction; and . . . the sentences imposed for commission of the same crime in other jurisdictions." 
 Id.

In 1991, in 
Harmelin
, the Supreme Court called into question the continued viability of 
Solem
.  With four justices dissenting, the majority held that a mandatory life sentence imposed on a defendant for possessing more than 650 grams of cocaine did not violate the Eighth Amendment. [
Harmelin v. Michigan
, 501 U.S. 957, 111 S. Ct. 2680 (1991).]  The Court was divided, however, concerning the basis for this holding.  Justice Scalia, joined by Chief Justice Rehnquist, addressed the appellant's proportionality argument by holding that 
Solem
 was "simply wrong" and argued that the Eighth Amendment contains no proportionality guarantee in the non-death-penalty context.  
Id.
 at 965, 111 S. Ct. at 2686 (Scalia, J., joined by Rehnquist, C.J., in an opinion).  Justice Kennedy, joined by Justices O'Connor and Souter, concurred and reasoned that indeed the Eighth Amendment did encompass "a narrow proportionality principle" that "applies to noncapital sentences."  
Id.
 at 997, 111 S. Ct. at 2702-03 (Kennedy, J., joined by O'Connor & Souter, JJ., concurring in part, concurring in judgment).

Left to decipher whether, in the wake of 
Harmelin
, the Eighth Amendment did or did not prohibit disproportionate sentences in a non-death-penalty context, the Fifth Circuit concluded that "disproportionality survives; 
Solem
 does not."  
McGruder v. Puckett
, 954 F.2d 313, 316 (5
th
 Cir.), 
cert. denied
, 506 U.S. 849 (1992).  The Fifth Circuit applied a modified 
Solem
 test adopted by Justice Kennedy in 
Harmelin
.  
Id.
  That is, the court initially made a threshold comparison of the gravity of the offense against the severity of the sentence.  
Id.
  Only upon a determination that the sentence is grossly disproportionate to the offense would the court consider the remaining 
Solem
 factors.  
Id.

The majority of the Texas appellate courts have followed and applied the Fifth Circuit's 
McGruder
 analysis in addressing Eighth Amendment proportionality complaints.  
Bradfield v. State
, 42 S.W.3d 350, 353 (Tex. App.—Eastland 2001, pet. ref'd); 
Hicks v. State
, 15 S.W.3d 626, 632 (Tex. App.—Houston [14
th
 Dist.] 2000, pet. ref'd); 
Dunn v. State
, 997 S.W.2d 885, 891-92 (Tex. App.—Waco 1999, pet. ref'd); 
Jackson v. State
, 989 S.W.2d 842, 845 (Tex. App.—Texarkana 1999, no pet.); 
Mathews v. State
, 918 S.W.2d 666, 669 (Tex. App.—Beaumont 1996, pet. ref'd); 
Puga v. State
, 916 S.W.2d 547, 549-50 (Tex. App.—San Antonio 1996, no pet.); 
Lackey v. State
, 881 S.W.2d 418, 421 (Tex. App.—Dallas 1994, pet. ref'd).  We also adopt the 
McGruder
 proportionality analysis.

We first make a threshold comparison of the gravity of the offense against the severity of the sentence. 
 Solem
, 463 U.S. at 291-92, 103 S. Ct. at 3010; 
McGruder
, 954 F.2d at 316.  We are to judge the gravity of the offense in light of the harm caused or threatened to the victim or society, and the culpability of the offender.  
Solem
, 463 U.S. at 291-92, 103 S. Ct. at 3010.
(footnote: 4)

Appellant has offered no arguments for treating his claim under article I, section 13 differently from his Eighth Amendment claim.  We therefore also analyze his state claim under 
McGruder
.
(footnote: 5)  Examining the circumstances of the offense, we note that Appellant, who had been like a father to Complainant, had repeated sexual relations with the fifteen-year-old girl.  She was ostracized and degraded by her peers, and she testified that she suffered from depression and other emotional problems as the result of the sexual assaults.  Appellant, for his part, saw little wrong with what he had done.

Appellant bears a high degree of culpability, and society recognizes the gravity of the crime as great.  The legislature established a range of punishment of two to twenty years by designating this offense a second degree felony.
(footnote: 6) Thus, the legislature has provided guidance to the jury while allowing the jury to exercise its discretion in determining whether the circumstances of the offense dictate a minimum sentence of two years, probated, or a maximum sentence of twenty years’ incarceration and a ten-thousand-dollar fine, or some sentence in between this minimum and maximum.  Appellant abused his position of trust, duty, and authority.  Comparing the gravity of the offense with the severity of the punishment, we hold that Appellant's sentence is not grossly disproportionate to his offense and does not violate the Eighth Amendment to the Constitution of the United States or article 1, section 13 of the Texas Constitution
.  We overrule Appellant’s second and third points.

Conclusion

Having overruled Appellant’s three points on appeal, we affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

CAYCE, C.J. and LIVINGSTON, J. concur without opinions.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: April 10, 2003

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Tex 
R.
 
E
vid
.
 801
(d).

3:
McKay v. State
, 707 S.W.2d 23, 33 (Tex. Crim. App. 1985), 
cert. denied
, 479 U.S. 871 (1986).

4:
Moore v. State
,
 54 S.W.3d 529, 541-42 (Tex. App.—Fort Worth 2001, pet. ref’d).

5:
See Simmons v. State
, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref'd).

6:
Tex. Penal Code Ann.
 §§ 12.33, 22.011(f) (Vernon 2003).