In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-180 CR


NO. 09-04-181 CR


____________________



DANILO SANTOS BALETKA, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 1-A Judicial District Court


Tyler County, Texas


Trial Court Cause No. 9746 and 9747






MEMORANDUM OPINION


 Appellant, Danilo Santos Baletka, pled guilty to two counts of aggravated sexual
assault of a child. See Tex. Penal Code Ann. § 22.021(a)(2)(B) (Vernon Supp. 2005). 
The child involved in both assaults was Baletka's stepdaughter, A.T. Before accepting
Baletka's guilty plea, the trial court admonished Baletka of the consequences, including the
range of punishment applicable to the offenses charged. After conducting a sentencing
hearing, the trial court sentenced Baletka to two concurrent terms of life imprisonment. (1) 
In this appeal, Baletka contends his sentence was cruel and unusual, as well as
disproportionate to the seriousness of the offense, in violation of the Eighth and Fourteenth
Amendments of the United States Constitution.

 The State argues Baletka waived his issue by failing to timely present his objection
to the trial court. The record before this Court reflects Baletka filed a motion for new trial
in which he contended "[a] new trial should be granted because Petitioner believes the
punishment rendered was excessive considering his previous history." The motion seems
to address "his previous history" rather than the seriousness of the offenses. Nevertheless,
we will review the excessiveness complaint made on appeal. 

 Baletka sexually assaulted A.T. twice within a period of two days. A.T. was twelve
years old when the assaults occurred. In his voluntary statement, Balteka said he
"punished" A.T. by sexually assaulting her. The investigating officer, Trisher Ford,
testified Baletka told her he assaulted A.T. to punish her because of her attitude. Ford
further stated the case was unusual and shocking because of the reason Baletka gave for
the assaults. When asked at the sentencing hearing about his statement that he sexually
assaulted A.T. to punish her, Baletka said, "[s]he didn't do nothing, really." He later
testified: "I gave her the choice and she chose."

 A.T.'s counselor, Rana Wingo, testified she sees A.T. once per week. Wingo
testified A.T. has difficulty trusting people. Wingo also stated victims her age are very
vulnerable, and victims of sexual assault often withdraw. A.T.'s mother testified A.T.
became withdrawn, refused to discuss anything with her mother, and was very confused
about her relationship with Baletka. A.T.'s mother testified A.T. "idolized" Baletka and
"he didn't stand behind her like a father should and she doesn't understand that." She
testified she would not trust Baletka with her daughter or any little girl.

 Jan Strickland, a Tyler County Probation Officer, testified she performed a pre-sentence investigation. (2) Strickland stated she recommended in the PSI report Baletka
receive probation based upon his lack of prior criminal history. When asked for her
personal opinion, Strickland testified she did not believe Baletka should receive probation. 
In response to a question from the judge, Strickland clarified her PSI recommendation,
saying she simply meant Baletka was eligible for probation.

 Baletka's friend, Kenny Shotty, testified he had known Baletka for years, and he
would trust Baletka with his sixteen-year-old daughter. Shotty also stated he had never
punished his own daughter by sexually assaulting her. Howard Lilley, a retired Justice of
the Peace, testified he has known Baletka for over twenty years, and thinks of him as a
son. Lilley stated he would trust Baletka with his grandchildren. Kimberly Abbey,
Baletka's former wife, stated Baletka is a wonderful father to their son, and she still trusts
him completely. Abbey further testified that, if someone had sexually assaulted her own
child, "there's no way that they would be allowed around my child." Baletka's mother
testified that Baletka helps his parents on their farm, and she did not know of any prior
criminal acts he had committed.

 The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor
excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const.
amend. VIII; see generally Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417,
1420-1421, 8 L.Ed.2d 758 (1962) (the Fourteenth Amendment made the Eighth
Amendment's prohibition against cruel and unusual punishment applicable to the states.). 
Aggravated sexual assault of a child is a first degree felony, for which the punishment
range is life imprisonment or any term not more than 99 years or less than five years. See
Tex. Penal Code Ann. § 22.021(a)(2)(B) (Vernon Supp. 2005); Tex. Penal Code Ann.
§ 12.32 (Vernon 2003). 

 We initially compare the gravity of Baletka's offenses against the severity of his
sentence. (3) See Mathews v. State, 918 S.W.2d 666, 669 (Tex. App.--Beaumont 1996, pet.
ref'd); Puga v. State, 916 S.W.2d 547, 549 (Tex. App.--San Antonio 1996, no pet.).
Baletka's sentence of life imprisonment for each offense was at the top of the punishment
range authorized by statute for the offense. The Texas Legislature has taken various steps
to demonstrate the extreme gravity with which aggravated sexual assault on children is
viewed. Aggravated sexual assault on a child under 14 years of age is a first degree felony
regardless of whether any other violence is present, and the offense is classified as an
aggravated offense for purposes of parole. (4) See Tex. Gov't Code § 508.145(d) (Vernon
2004). See also Tex. Gov't Code § 508.046 (Vernon 2004). 

 The record reflects Baletka was the step-father of the victim and in a position of
trust and authority. He sexually assaulted his stepdaughter twice within two days. He said
he did this to punish her. The evidence showed that A.T. suffered from psychological
problems as a result of the assaults. As this Court has previously noted, "[c]ertainly the
great potentiality for mental, emotional, and physical scarring of a sexual assault victim --
a child of such tender years -- cannot be seriously questioned." See Mathews, 918 S.W.2d
at 669. We cannot say the sentence is grossly disproportionate to the seriousness of the
crime or constitutes cruel and unusual punishment. (5) Baletka's sole issue is overruled, and
the judgment of the trial court is affirmed.

 


 AFFIRMED. 

 _________________________________

 DAVID GAULTNEY 

 Justice


Submitted on January 26, 2005

Opinion Delivered February 16, 2005

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ. 
1. The State says in its brief: "The trial court was authorized to assess consecutive life
sentences, Tex. Penal Code section 3.03(b)(2), requiring service of 60 calendar years
before appellant would be eligible for parole consideration, Tex. Gov't Code § 508.145(d),
but instead assessed the sentences concurrently, effectively cutting appellant's minimum
calendar sentences in half." 
2. The pre-sentence investigation report is not in the record.
3. In Solem v. Helm, 463 U.S. 277, 290, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), the
Supreme Court held the Eighth Amendment prohibits sentences that are disproportionate
to the crime committed. In Harmelin v. Michigan, 501 U.S. 957, 111 S. Ct. 2680, 115
L.Ed.2d 836 (1991), the Court revisited the proportionality analysis. In McGruder v.
Puckett, 954 F.2d 313, 316 (5th Cir. 1992), cert. denied, 506 U.S. 849, 113 S.Ct. 146,
121 L.Ed.2d 98 (1992), the Fifth Circuit Court of Appeals interpreted Harmelin as
follows: 

 [D]isproportionality survives; Solem does not . . . . Accordingly, we will
initially make a threshold comparison of the gravity of [appellant's] offenses
against the severity of his sentence. Only if we infer that the sentence is
grossly disproportionate to the offense will we then consider the remaining
factors of the Solem test and compare the sentence received to (1) sentences
for similar crimes in the same jurisdiction and (2) sentences for the same
crime in other jurisdictions. 

In Mathews, this Court followed this approach. See Mathews v. State, 918 S.W.2d 666,
669 (Tex. App.--Beaumont 1996, pet. ref'd). 
4. Further, the Legislature has provided that a life sentence is mandatory for any
offender who is convicted of the sexual assault of a child a second time. See Tex. Penal
Code Ann. § 12.42(c)(2)(B)(v) (Vernon Supp. 2005); Wieghat v. State, 76 S.W.3d 49,
52 (Tex. App.--San Antonio 2002, no pet.); Williams v. State, 10 S.W.3d 370, 372 (Tex.
App.--Tyler 1999, pet. ref'd). 
5. Baletka provided no evidence in this record of sentences for similar crimes in this
jurisdiction or the same crime in other jurisdictions. S
ee Latham v. State, 20 S.W.3d 63,
69 (Tex. App.--Texarkana 2000, pet. ref'd).