In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-280 CR


 ______________________


 

CODY JAMES TURNER, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 95580






MEMORANDUM OPINION
 

 Appellant Cody James Turner pled guilty without a plea bargain to felony theft by
possession. See Tex. Pen. Code Ann. § 31.03(a), (b)(2) (Vernon Supp. 2006). The trial
court assessed punishment at two years of confinement in a state jail facility. Turner filed
a motion for new trial, in which he argued, among other things, that the trial court abused its
discretion by sentencing him to the maximum term of confinement "based on the PSI and the
Defendant's total lack of criminal history." The trial court denied the motion, and Turner
filed this appeal. He contends that his punishment was "constitutionally disproportionate and
unreasonable" under the Eighth Amendment of the United States Constitution and Article
I, section 13 of the Texas Constitution. See U. S. Const. amend. VIII; Tex. Const. art. I,
§ 13. Turner did not object when the trial court pronounced sentence, and his motion for new
trial did not specifically advise the trial court of his complaint that his sentence was
disproportionate under the United States Constitution and the Texas Constitution. See Tex.
R. App. P. 33.1(a)(1)(A) (To preserve an issue for review, a party must make a timely request,
objection, or motion that states the grounds for the ruling with sufficient specificity to make
the trial court aware of the complaint.). We do not see where the issues were presented to
the trial court for consideration. 

 The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor
excessive fines imposed, nor cruel and unusual punishments inflicted." (1) U.S. Const. amend.
VIII; see generally Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 1420-21, 8 L.Ed.2d
758 (1962) (The Fourteenth Amendment made the Eighth Amendment's prohibition against
cruel and unusual punishment applicable to the states.). Felony theft by possession of
property valued at $1500 to $19,999.99 is a state jail felony, for which the punishment range
is confinement for 180 days to two years and a fine not exceeding $10,000. Tex. Pen. Code
Ann. § 12.35(a), (b) (Vernon 2003); Tex. Pen. Code Ann. § 31.03(e)(4) (Vernon Supp.
2006). As long as the punishment assessed is within the range authorized by the Legislature
in a valid statute, generally the punishment is not considered excessive, cruel, or unusual. 
See Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Jordan v. State, 495
S.W.2d 949, 952 (Tex. Crim. App. 1973). In this case, Turner received the maximum
confinement authorized by statute. See Tex. Pen. Code Ann. § 12.35(a), (b); Tex. Pen.
Code Ann. § 31.03(e)(4). Even if the issue is preserved for appellate review, Turner's
punishment is not excessive, cruel, or unusual. It does not exceed the statutorily-authorized
range. See Harris, 656 S.W.2d at 486; Jordan, 495 S.W.2d at 952. 

 In Solem, the United States Supreme Court set forth a three-pronged test for analyzing
proportionality, under which the court should consider (1) the gravity of the offense and the
harshness of the penalty, (2) the sentences imposed for similar crimes in the same
jurisdiction, and (3) the sentences imposed for the commission of the same crime in other
jurisdictions. Solem v. Helm, 463 U.S. 277, 290, 292, 103 S.Ct. 3001, 77 L.Ed. 2d 637
(1983); see also Mathews v. State, 918 S.W.2d 666, 669 (Tex. App.--Beaumont 1996, pet.
ref'd); Puga v. State, 916 S.W.2d 547, 549 (Tex. App.--San Antonio 1996, no pet.);
McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992). Though Turner's sentence is the
maximum term of confinement authorized by the applicable statutes, it is within the range
the Legislature has determined constitutes an appropriate punishment for this kind of crime. 
See Tex. Pen. Code Ann. § 12.35(a), (b); Tex. Pen. Code Ann. § 31.03(e)(4). Turner
provided no evidence comparing his sentence with those imposed against other defendants
in Texas and in other jurisdictions for similar offenses. See Solem, 463 U.S. at 292. Turner
cites cases that discuss the federal sentencing guidelines, but the federal sentencing
guidelines do not apply to this case. Harper v. State, 930 S.W.2d 625, 632 (Tex. App.--Houston [1st Dist.] 1996, no pet.) Even if the issue is properly before this Court, nothing in
this record establishes that Turner's sentence was grossly disproportionate to the gravity of
his offense. See Solem, 463 U.S. at 290-91; McGruder, 954 F.2d at 316. 

 We overrule Turner's issues and affirm the trial court's judgment.

 AFFIRMED.

 _________________________________

 DAVID GAULTNEY 

 Justice


Submitted on July 12, 2007

Opinion Delivered October 3, 2007

Do Not Publish


Before Gaultney, Kreger, and Horton, JJ.
1. Turner does not argue that the Texas Constitution affords greater protection than the 
United States Constitution. Furthermore, Turner's brief does not provide any argument 
regarding Article I, section 13 of the Texas Constitution. See Tex. R. App. P. 38.1(h); Bell
v. State, 90 S.W.3d 301, 305 (Tex. Crim. App. 2002) (To adequately brief a state
constitutional issue, an appellant must present specific arguments and authorities supporting
his claims.).