COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

ABBOTT JOSEPH URANGA,                                      No. 08-12-00161-CR

§

Appellant,                                      Appeal from

§

v.                                      30th District Court

§

THE STATE OF TEXAS,                                      of Wichita County, Texas

§

Appellee.                                      (TC # 51,381-A)

§

# O P I N I O N

Abbott Joseph Uranga appeals his conviction of aggravated robbery. Appellant waived his right to a jury and entered an open plea of guilty. The court assessed his punishment at imprisonment for sixty years. For the reasons that follow, we affirm.

## DISPROPORTIONATE SENTENCE

In his sole issue on appeal, Appellant contends that his sixty year sentence violates the Eighth Amendment because it is disproportionate to the offense. Appellant preserved the issue by raising it in a motion for new trial.

As a general rule, punishment is not cruel and unusual if it falls within the range of punishment established by the Legislature. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex.Crim.App. 1984); *Harris v. State*, 656 S.W.2d 481, 486 (Tex.Crim.App. 1983); *Dale v. State*, 170 S.W.3d 797, 799 (Tex.App.--Fort Worth 2005, no pet.). Appellant was convicted of

aggravated robbery, a first degree felony. The statutory range of punishment for a first-degree felony offense is five to ninety-nine years or life imprisonment and a fine not to exceed $10,000. TEX.PENAL CODE ANN. §12.32 (West 2011). The sixty-year sentence assessed by the trial court falls within the statutory range of punishment. A narrow exception to this general rule is recognized when the sentence is grossly disproportionate to the offense. *Dale*, 170 S.W.3d at 799, *citing Harmelin v. Michigan*, 501 U.S. 957, 1004-05, 111 S.Ct. 2680, 2706-2707, 115 L.Ed.2d 836 (1991)(Kennedy J., concurring); *Solem v. Helm*, 463 U.S. 277, 290-92, 103 S.Ct. 3001, 3009-3011, 77 L.Ed.2d 637 (1983); *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.), *cert. denied*, 506 U.S. 849, 113 S.Ct. 146, 121 L.Ed.2d 98 (1992).

After the Supreme Court's decision in *Harmelin*, a question arose whether the Eighth Amendment did or did not prohibit disproportionate sentences in non-death-penalty cases. The Fifth Circuit concluded in *McGruder* that proportionality analysis survived *Harmelin* but *Solem* did not. *McGruder*, 954 F.2d at 316. The Fifth Circuit determined that *Harmelin* required a reviewing court to initially make a threshold comparison of the gravity of the defendant's offenses against the severity of his sentence. *Id.* Only if the reviewing court finds that the sentence is grossly disproportionate to the offense will it consider the remaining *Solem* factors and compare the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions. *Id.* Many Texas intermediate appellate courts, including the Second Court of Appeals, have adopted *McGruder's* modified approach. *Padilla v. State*, Nos. 02-09-247-CR, 02-09-248-CR, 02-09-249-CR, 02-09-250-CR, 2010 WL 2555212 at *1-2 (Tex.App.--Fort Worth June 24, 2010, no pet.)(mem. op., not designated for publication); *Dale*, 170 S.W.3d at 799-800;[1] *see e.g., Sneed v. State*, ---

---

[1] The Texas Supreme Court transferred this appeal from the Second Court of Appeals to the Eighth Court of Appeals pursuant to a docket equalization order. We will decide the case in accordance with the precedent of the

S.W.3d ----, 2013 WL 1748807 at *4 (Tex.App.--Eastland 2013, no pet. h.); *Charcas v. State*, No. 08-07-00034-CR, 2009 WL 132142 at *2 (Tex.App.--El Paso Jan. 15, 2009, no pet.)(not designated for publication); *Medlock v. State*, No. 12-06-00401-CR, 2007 WL 2951343 at *3 (Tex.App.--Tyler Oct. 11, 2007, pet. ref'd)(mem. op., not designated for publication); *Mullins v. State*, 208 S.W.3d 469, 470 (Tex.App.--Texarkana 2006, no pet.); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex.App.--Corpus Christi 2005, pet. ref'd); *Dunn v. State*, 997 S.W.2d 885, 892 (Tex.App.--Waco 1999, pet. ref'd); *Mathews v. State*, 918 S.W.2d 666, 668-69 (Tex.App.--Beaumont 1996, pet. ref'd); *Puga v. State*, 916 S.W.2d 547, 549-50 (Tex.App.--San Antonio 1996, no pet.); *Lackey v. State*, 881 S.W.2d 418, 420-21 (Tex.App.--Dallas 1994, pet. ref'd).

The punishment evidence established that Appellant entered a pawnshop in Wichita Falls with a handgun and yelled at the owner, Bradley, that it was a robbery. Bradley had been down on one knee when Appellant came in. Bradley clutched his chest and pretended to have a heart attack, rolling to the floor. Appellant continued pointing the gun at him and demanded the money. Bradley pointed to the register each time Appellant demanded money, but he instead ordered Bradley to get in the back room. Bradley knew he should not go to the back room with Appellant, so he asked him to call 911. Appellant fired one shot near Bradley's head and threatened to shoot him if he did not get up. The bullet passed only inches from Bradley's head. Bradley got up and slowly backed up to create space between himself and Appellant. Even though he had a loaded gun under the counter, Bradley knew he was too close to Appellant to risk getting it, so he ran to the back room in an effort to get a shotgun to defend himself. Bradley got the shotgun and fired once at Appellant who had pursued him to the back room. Appellant returned fire and kept moving towards Bradley, who fired the shotgun again. Appellant then ran

transferor court under principles of *stare decisis* if our decision otherwise would be inconsistent with the precedent of the transferor court. *See* TEX.R.APP.P. 41.3.

out of the shop. Bradley chased Appellant and fired another shot at the ground about twenty feet behind him.

Appellant is an admitted member of the Varrio Carnales, a violent criminal street gang, and he committed the aggravated robbery with another gang member. Appellant claimed at the punishment hearing that he decided to abandon the gang lifestyle immediately after being shot at by Bradley, but the evidence showed that, during the month after the offense and prior to his arrest, Appellant made numerous postings to his Facebook account referencing his gang lifestyle and refusal to change for anyone.

We will first consider the threshhold comparison of the gravity of the offense against the severity of the sentence. The gravity of the offense is determined by evaluating the harm caused or threatened and the offender's culpability. *Dale*, 170 S.W.3d at 800. Appellant committed aggravated robbery with a deadly weapon. This offense obviously involves an implicit threat and risk of death or serious bodily injury. Appellant did not merely threaten the victim with a gun in order to obtain money; he actually fired twice at Bradley. If Appellant's aim had been better and Bradley had not been able to reach a loaded shotgun to defend himself, this could easily have been a capital murder case rather than an aggravated robbery. The sixty year sentence assessed by the trial court is substantial but it falls near the middle of the statutory punishment range. Under the facts of this case, we are unable to conclude that the sentence is disproportionate to the severity of the offense. Consequently, it is unnecessary to consider the remaining *Solem* factors. We overrule Issue One and affirm the judgment of the trial court.

October 16, 2013

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)