ACCEPTED
12-15-00187-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
10/30/2015 1:58:41 PM
Pam Estes
CLERK

CASE NO. 12-15-00187-CR

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
10/30/2015 1:58:41 PM
PAM ESTES
Clerk

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

CHRISTOPHER JERMAINE BIRDOW, Appellant

Vs.

THE STATE OF TEXAS, Appellee

On Appeal from the

349TH Judicial District Court,
Anderson County, Texas

(Trial Court No. 30761)

Honorable BASCOM BENTLEY, III

BRIEF OF APPELLANT

MARK W. CARGILL
TBC# 00787201
701 N. Elm
Palestine, Texas 75801
903/729-8011

COUNSEL FOR APPELLANT

ORAL ARGUMENT WAIVED

1 | P a g e

**PARTIES**

*CHRISTOPHER JERMAINE BIRDOW, APPELLANT*

*Mark W. Cargill*
*Attorney for Defendant/Appellant*
*701 N. Elm*
*Palestine, Texas 75801*

*Allison Mitchell*
*District Attorney*
*500 N. Church Street*
*Palestine, Texas 75801*

## TABLE OF CONTENTS

**Page**

Table of Contents……………………………………………………………………………… 3

Index of Authorities…………………………………………………………………………. 4

Statement of the Case………………………………………………………………………. 5

Point of Error Number One…………………………………………………………… 6

Statement of Facts…………………………………………………………………………… 6

Point of Error Number One Restated…………………………………………………. 6

Summary of Argument (Point of Error Number One)………………………………. 6

Argument ……………………………………………………………………………………… 6, 7, 8

Prayer……………………………………………………………………………………………… 9

Certificate of Service………………………………………………………………………… 10

# INDEX OF AUTHORITIES

**CONSTITUTIONS**

*U.S. CONST. amend VIII*.................................................................................... 6
*TEX. CONST. art. I sec. 13* .......................................................................... 6

**STATUTES**

*Tex. Pen. Code Ann. Sec. 12.34*............................................................... 8

**CASES**

***Federal***

*Harmelin v. Michigan, 501 U.S. 957, 111 S. Ct. 2680,
115 L. Ed. 2d 836 (1991)*      7

*McGruder v. Puckett, 954 F. 2d 313 (5th Cir.), cert. denied, 506 U.S. 849,
113 S. Ct. 146, 121 L. Ed. 2d 98 (1992)*      7

*Solem v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983)*      7

***State***

*Davis v. State, 905 S.W. 2d 664 (Tex. App – Texarkana 1995, pet. ref'd)*      7

*Dunn vs. State, 997 S.W. 2d 885 (Tex. App. – Waco 1999, pet. ref'd)*      7

*Hernandez v. State, 10 S. W. 3d 812 (Tex. App. – Beaumont 2000, pet. ref'd)*      7

*Hicks v. State, 15 S.W. 3d 626 (Tex. App. – Houston [14th dist. ] 2000,
pet ref'd)*      7

*Jackson v. State, 989 S.W. 2d 842 (Tex. App. – Texarkana 1999, no pet.)*      8

*Lackey v. State, 881 S.W. 2d 418 (Tex. App. – Dallas 1994, pet ref'd)*      7

*Lilly v. State, 365 S.W.3d 321 (Ct of Crim Appeals, April 18, 2012)*      8,9

*Matthews v. State, 918 S.W. 2d 666 (Tex. App. – Beaumont 1996, pet ref'd)*      7

*Puga v. State, 916 S.W. 2d 547 (Tex. App. – San Antonio 1996, no pet.)*      7

*Simmons v. State, 994 S.W. 2d 11 (Tex. App. – Tyler 1996, pet. ref'd)*      7

*Sulivan v. State, 975 S.W.2d 755 (Tex. App. – Corpus Christi 1998, no pet.)*      7

CASE NO. 12-15-00187-CR

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

CHRISTOPHER JERMAINE BIRDOW, Appellant

Vs.

THE STATE OF TEXAS, Appellee

On Appeal from the

349TH Judicial District Court,
Anderson County, Texas

(Trial Court No. 30761)

Honorable BASCOM BENTLEY, III

BRIEF OF APPELLANT

MARK W. CARGILL
TBC# 00787201
701 N. Elm
Palestine, Texas 75801
903/729-8011

COUNSEL FOR APPELLANT

ORAL ARGUMENT WAIVED

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, CHRISTOPHER JERMAINE BIRDOW, the Appellant, and files this his Brief of Appeal in the above-entitled and numbered cause.

**STATEMENT OF THE CASE**

On April 23, 2012, Defendant, CHRISTOPHER JERMAINE BIRDOW, plead on 2 counts. Count 1, engaging in organized criminal activity, received 10 years TDCJ, probated with community supervision for 10 years and a $10,000.00 fine, of which $9,000.00 was probated. As for Count 2, **Manufacturing and Delivery of a**

**Controlled Substance PG 1 > = 4g <200g.**, he received deferred adjudication. State of Texas filed a motion to revoke community supervision and a motion to proceed with adjudication. A hearing was had on July 10, 2015, concerning the State's Motion to Revoke Community Supervision and adjudication.

## ISSUE PRESENTED

## POINT OF ERROR NUMBER ONE

The trial court errored in rendering judgment its verdict concerning count 2 and sentencing Appellant to 40 years incarceration because that sentence was grossly disproportionate when considered in light of other sentences for the same offense and in light of the facts and circumstances which constituted the offense.

## STATEMENT OF FACTS

The court considered all testimony of the revocation hearing of July 10, 2015.

## POINT OF ERROR NUMBER ONE RESTATED

The sentence is excessive and is grossly disproportionate to the crime committed.

## SUMMARY OF ARGUMENT

Each defendant is guaranteed under the constitution of punishment free from cruel and unusual treatment. To sentence a defendant to a sentence that is disproportionately high violates the prohibition against cruel and unusual punishment.

## ARGUMENT

Both the United States Constitution and the Texas Constitution prohibit cruel and unusual punishment. US Const. amend. VIII; Tex. Const. art I sec. 13. Since there are not any distinctions between the state and federal protections against cruel or unusual punishment, an appeals court should address such claims together. See Simmons v. State, 944 S.W. 2d 11, 14 (Tex. App. – Tyler 1996, pet. Ref'd) Davis v. State, 905 S.W.2d 664, 665 (Tex. App. – Texarkana 1995, pet. ref'd).

It is possible for a sentence to fall within a permitted punishment range and yet "run afoul of the Eighth Amendment prohibition on cruel and unusual punishment. "Solem v. Helm, 463 U.S. 277, 290, 103 S. Ct. 3001, 3009, 77 L. Ed. 2d 637 (1983). The Supreme Court revised the question of disproportionate sentences in Harmelin v. Michigan, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991). In discussing Harmelin, the Fifth Circuit has stated that "disproportionality survives: Solem does not." McGruder v. Puckett, 954 F 2d 313, 316 (5th Cir.), cert. denied 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992). Under McGruder, a court must first determine whether the sentence is "grossly disproportionate to the offense." McGruder, 954 F. 2d at 316. Once the court of Appeals finds the sentence grossly disproportionate, the court then considers the remaining factors of the Solem test and compares the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions. Several immediate Texas courts have analyzed proportionality claims in the manner recommended by the Fifth Circuit in McGruder. See Hicks v. State, 15 S.W. 3d 626 (Tex. App. – Houston {14th Dist. } 2000, pet. ref'd); Hernandez v. State, 10 S.W. 3d

812 (Tex. App. – Beaumont 2000, pet. ref'd); Dunn v. State, 997 S.W. 2d 885 (Tex. App. – Waco 1999, pet. ref'd) Sullivan v. State, 975 S.W. 2d 755, 757 (Tex. App. – Corpus Christi 1998, no pet.); Puga v. State, 916 S.W. 2d 547, 549-50 (Tex. App. - San Antonio 1996, no pet.); Matthews v. State, 918 S.W.2d 666, 668-69 (Tex. App. – Beaumont 1996, pet. ref'd) an Lackey v. State, 881 S.W. 2d 418, 420-421 (Tex. App. – Dallas 1994, pet ref'd). The Eighth Amendment proscribes grossly disproportionate sentences, even sentences that fall within the statutory range of punishment. Jackson v. State, 989 S. W. 2d 842, 845-46 (Tex. App. – Texarkana 1999, no pet).

Appellant was on community supervision for the felony offense of manufacturing and delivery of controlled substance PG 1>= 4 g<200 g.

Appellant's community supervision was revoked and sentenced for the offense of manufacturing and delivery of controlled substance PG 1>= 4 g<200 g the sentence was grossly disproportionate to the crime. An individual adjudged guilty of a felony of this degree shall be punished by imprisonment in the institutional division for any term of not more than 99 years or less than 5 years and in addition to the imprisonment, may be assessed a fine not to exceed $10,000.00. Tex. Penal Code.

The sentence of 40 years incarceration is grossly disproportionate.

In terms of other manufacturing and delivery of controlled substance PG 1>= 4 g<200 g cases, the facts which made up the gist of the manufacturing and delivery of controlled substance PG 1>= 4 g<200 g now before this Court, when considered in conjunction with other testimony, and the fact he originally received deferred

adjudication, this Court must conclude that the punishment assessed, the sentence of 40 years confinement, is grossly disproportionate to the offense committed.

Accordingly, this Court must proceed to the next two steps in the McGruder analysis: (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions. Appellant is guilty of the offense charged, but his punishment is excessive. Punishment for the worst possible manufacturing and delivery of controlled substance PG 1>= 4 g<200 g cannot exceed a 99 years or life sentence. Appellant was sentenced to 40 years. It is clear that other much more serious manufacturing and delivery of controlled substance PG 1>= 4 g<200 g convictions resulted in significantly less harsh sentences than Appellant received.

Simply stated, the punishment assessed against Appellant, while legally within the range of punishment available to the Court, exceed what was right and fair. Forty years confinement in prison is not proportionate for the offense of manufacturing and delivering of controlled substance PG 1>=4g<200g in this situation and under these facts and circumstances. Accordingly, the sentence must not stand. Appellant is entitled to a new punishment hearing.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Appellant prays this Honorable Court sustain the point of error raised hereinabove, and vacate the commitment to the Texas Department of Corrections Institutional Division remand the case for a new sentencing hearing.

Respectfully submitted,

**CARGILL & ASSOCIATES**

BY: _/s/ Mark W. Cargill_
Mark W. Cargill
SBN: 00787201
701 N. Elm
Palestine, Texas 75801
Telephone: 903/729-8011
Facsimile: 903/729-5112

_Attorney for Appellant_

## CERTIFICATE OF SERVICE

This is the certify that on October 30, 2015, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Anderson County, and all other interested parties, by hand delivery, mail, and/or facsimile and regular mail.

_/s/ Mark W. Cargill_
Mark W. Cargill

## Word Count

On this 30th day of October, 2015, I, Mark W. Cargill, hereby certifies that this brief has a word count of 1607.

_/s/ Mark W. Cargill_
Mark W. Cargill