

# NUMBER 13-17-00163-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**JOSE RODRIGUEZ III,**                                                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                                          **Appellee.**

On appeal from the 36th District Court
of San Patricio County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Longoria, and Hinojosa**
**Memorandum Opinion by Justice Rodriguez**

Appellant Jose Rodriguez III appeals from the revocation of his community supervision. By one issue, Rodriguez contends the eighteen-year sentence imposed by the court in the adjudication hearing "was far in excess of that which was necessary to accomplish all of the objectives of the Texas Penal Code under the facts of the case adduced on the record and in light of the recommendations of both parties, and

constituted cruel [and] unusual punishment." *See* U.S. CONST. amends. VIII, XIV; TEX. CONST. art. 1, § 13; TEX. PENAL CODE ANN. § 1.02 (West, Westlaw through 2017 1st C.S.) (identifying sentencing objectives). We affirm.

## I. BACKGROUND

On December 2, 2013, after Rodriguez pleaded guilty to possession of a controlled substance, a second-degree felony offense, the trial court placed him on deferred adjudication for five years. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West, Westlaw through 2017 1st C.S.). On March 10, 2017, at a hearing on the State's motion to revoke, the trial court accepted Rodriguez's plea of true to five of the State's allegations and proceeded to adjudicate Rodriguez's guilt.[1]

During the sentencing hearing, Rodriguez testified that while on probation he had maintained full-time employment driving a truck and working in construction, had not pleaded guilty to any drug-related activity, and had not received any new convictions. Rodriguez requested placement in a program at the Substance Abuse Felony Punishment Facility (SAFPF). At the hearing, the State introduced, as State's Exhibit A, a revocation report prepared by the Community Supervision Department (the Department). The Department recommended, in its report, that the trial court revoke Rodriguez's community supervision and sentence him to the Texas Department of Criminal Justice Institutional Division (TDCJ-ID); if the trial court chose to continue

---

[1] Rodriguez pleaded true to the following allegations: (1) failure to report an arrest for delivery of marijuana within two days of that arrest (November 28, 2016); (2) failure to report an arrest for unlawfully carrying a weapon within two days of the arrest (November 28, 2016); (3) failure to submit to random urinalysis (December 2016); (4) consumption of alcohol (December 28, 2016); and (5) failure to pay a statutory supervisory fee (November 10, 2016).

Rodriguez on community supervision, the Department recommended that the court place Rodriguez at an SAFPF.

After receiving evidence, hearing arguments, and being informed by Rodriguez that the State agreed to recommend continued probation, the trial court sentenced Rodriguez to eighteen years in the TDCJ-ID. Rodriguez did not object to the sentence imposed by the trial court and later filed no motion for new trial challenging the constitutionality of his sentence. This appeal followed.

## II. STANDARD OF REVIEW

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. CONST. amend. VIII; *see* TEX. CONST. art. 1, § 13. The Eighth Amendment applies to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment. U.S. CONST. amend. XIV. A punishment within the limits prescribed by a valid statute "is not, per se, prohibited as cruel, unusual, or excessive." *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi 2005, pet. ref'd). And when a sentence is within the prescribed statutory range set down by the legislature, sentencing authorities have nearly unfettered discretion to impose any punishment within that range. *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006).

## III. APPLICABLE LAW

The Texas Penal Code sets out the following objectives of sentencing:

The general purposes of this code are to establish a system of prohibitions, penalties, and correctional measures to deal with conduct that unjustifiably and inexcusably causes or threatens harm to those individual or public

3

interests for which state protection is appropriate. To this end, the provisions of this code are intended, and shall be construed, to achieve the following objectives:

(1)     to insure the public safety through:

    (A)     the deterrent influence of the penalties hereinafter provided;

    (B)     the rehabilitation of those convicted of violations of this code; and

    (C)     such punishment as may be necessary to prevent likely recurrence of criminal behavior;

(2)     by definition and grading of offenses to give fair warning of what is prohibited and of the consequences of violation;

(3)     to prescribe penalties that are proportionate to the seriousness of offenses and that permit recognition of differences in rehabilitation possibilities among individual offenders;

(4)     to safeguard conduct that is without guilt from condemnation as criminal;

(5)     to guide and limit the exercise of official discretion in law enforcement to prevent arbitrary or oppressive treatment of persons suspected, accused, or convicted of offenses; and

(6)     to define the scope of state interest in law enforcement against specific offenses and to systematize the exercise of state criminal jurisdiction.

TEX. PENAL CODE ANN. § 1.02.

## IV.     CRUEL AND UNUSUAL PUNISHMENT

## A.     An Appellant Must Preserve a Cruel and Unusual Punishment Challenge

The right to be free from cruel and unusual punishment and almost every constitutional or statutory right can be waived by failure to object. *See Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986) (en banc); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi 1989, pet. ref'd) (holding that the defendant waived

4

his cruel and unusual punishment argument by failing to object); *see also Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (concluding that by failing to object the appellant did not preserve an argument that the sentence was grossly disproportionate to offense); *Maza v. State*, No. 13-14-00128-CR, 2015 WL 3637821, at *2 (Tex. App.—Corpus Christi June 11, 2015, no pet.) (mem. op., not designated for publication) (disagreeing that appellant should be allowed to make his eighth amendment violation argument for the first time on appeal because he did not object in the trial court and thus his argument was not preserved). To preserve a complaint of cruel and unusual punishment, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. *See* TEX. R. APP. P. 33.1(a); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (citing *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (en banc)); *Noland*, 264 S.W.3d at 151–52; *see also Trevino*, 174 S.W.3d at 927–28 ("Because the sentence imposed is within the punishment range and is not illegal, we conclude that the rights [appellant] asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection.").

Rodriguez did not object when the trial court imposed sentence and did not complain of the sentence in any post-trial motion that the sentence was excessive or violated the Eighth Amendment. Rodriguez failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1; *Smith*, 721 S.W.2d at 855; *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino*, 174 S.W.3d at 927–28; *Quintana*, 777 S.W.2d at 479.

5

**B.     A Sentence within the Punishment Range Is Not Per Se Excessive**

Even had Rodriguez preserved error, his sentence of eighteen years' imprisonment for his second-degree felony conviction, although at the top of the punishment range authorized by statute for the offense, falls within the legal range set down by the state legislature for that offense.   *See* Tex. Health & Safety Code Ann. § 481.115(a), (d) (identifying possession of a controlled substance in penalty group 1, e.g. cocaine, in the amount of four grams or more but less than two hundred grams, as a second-degree felony); Tex. Penal Code Ann. § 12.33 (West, Westlaw through 2017 1st C.S.) (setting out punishment for a second-degree felony as incarceration in the institutional division for not less than two years or more than twenty years and up to a $10,000 fine).   So his sentence was not prohibited as per se excessive, cruel, or unusual. *See Trevino*, 174 S.W.3d at 928; *see also Cowan v. State*, No. 13-14-00358-CR; 2015 WL 4381090, *2 (Tex. App.—Corpus Christi July 16, 2015, no pet.) (mem. op., not designated for publication).

**C.     We Look to the Underlying Offense and Not to the Community-Supervision Violations to Determine Whether a Sentence Is Cruel and Unusual Punishment**

Nonetheless, Rodriguez argues that the punishment assessed by the trial court was cruel and unusual because his violations were "technical or comparatively minor relative to the type of violations that normally trigger a draconian sentence of the sort meted out by this particular felony Court."   We are not persuaded by this argument.

We do not look to the grounds for adjudication in a motion-to-revoke proceeding to determine if the sentence is cruel and unusual; "we look to the facts of the crime." *Mathews v. State*, 918 S.W.2d 666, 669 (Tex. App.—Beaumont 1996, pet. ref'd).   And

6

the record in this case reveals that the underlying offense for which Rodriguez was convicted was a drug offense involving an assault/family violence incident. Officers responded to a 911 call, where Rodriguez's wife informed them that Rodriguez was using drugs in front of the children. After being told that Rodriguez kept the drugs in a safe, the officers opened the safe and found a quart-size plastic bag that contained a few rock-like pieces the size of a quarter that were later determined to be cocaine. Rodriguez's wife also told the officers that she had locked herself in the restroom of their home and that Rodriguez had broken down the door, injuring her in the process. She feared for herself and the children. Rodriguez claimed that he was holding the drugs for a friend and was just trying to feed his family.

Here, the offense for which Rodriguez was given community supervision and for which he was adjudged guilty and incarcerated was possession of a controlled substance, a second-degree felony offense. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115. We look to this offense to determine whether the punishment is cruel and unusual. *See Mathews*, 918 S.W.2d at 669. And in so doing, we cannot conclude that the trial court abused its nearly unfettered discretion in imposing the eighteen-year sentence. *Ex parte Chavez*, 213 S.W.3d at 323.

## D. A Trial Court Is Not Bound by the Parties' Probation Recommendation

Rodriguez also contends that the trial court abused its discretion when it revoked his community supervision even though the State had agreed to continue it. While observing that the trial court is not bound by the recommendation of the parties in a revocation hearing, Rodriguez complains that the trial court "paid no heed" to the State and the defense's "equitable resolution to the case." Rodriguez provides no supporting

authority, and we find none, for his argument that the trial court abused its discretion by failing to "heed" the parties' agreed recommendation to continue Rodriguez's community supervision with another treatment program. Instead, when a court proceeds to adjudicate a deferred-adjudication community supervision, the court is no longer limited by the procedures of article 26.13, which require, among other things, that the trial court inform the defendant regarding whether it will sentence him in accordance with a plea agreement. *See Ex parte Broadway*, 301 S.W.3d 694, 698 n.10 (Tex. Crim. App. 2009) (en banc); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.13(2) (West, Westlaw through 2017 1st C.S.). There are no article 26.13 protections in a revocation proceeding. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(2). Neither an earlier plea bargain nor the State's agreement to recommend the continuance of community supervision will protect a defendant who receives deferred-adjudication community supervision if the court proceeds to adjudication at a later date. *Ex parte Broadway*, 301 S.W.3d at 698, n.10. The only thing certain at a revocation proceeding is that the trial court has discretion to assess any punishment statutorily permitted. *See id.*; *Ex parte Chavez*, 213 S.W.3d at 323. This argument has no merit.

**E.      Appellant's Remaining General Arguments Are Not Supported by Authority**

Finally, Rodriguez refers to the penal code's sentencing objectives and generally argues "that probation reinstatement with drug treatment would have been much more appropriate in this case, and would have accomplished all of the sentencing objectives of the Texas Penal Code [section 1.02] . . . .   The court's sentence is counterproductive to the goal of deterrence as well as other Penal Code objectives." Rodriguez provides no case law in support of his remaining arguments that might relate to the impact of the facts

of this case on the sentencing objectives.[2]   *See* TEX. R. APP. P. 38.1(i).   Without more, we conclude that Rodriguez inadequately briefed any remaining general arguments and presents nothing for our review.   *See id.*

## F.      In Summary, the Trial Court Did Not Abuse Its Discretion

Even had Rodriguez preserved this issue, the sentence falls within the punishment range and is neither prohibited as per se excessive, cruel, or unusual nor disallowed as an abuse of discretion.   *Ex parte Chavez*, 213 S.W.3d at 232; *Trevino*, 174 S.W.3d at 928.   We overrule Rodriguez's appellate issue.

## IV.    CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 11th
day of January, 2018.

---

[2] Rodriguez cites section 3553 of chapter 18 of the U.S. Code "as a good example of the recognition of the concept of not meting out punishment that is greater than necessary to accomplish the objectives of a particular sentencing scheme and the U.S. Constitution."   *See* 18 U.S.C.A. § 3553 (West, Westlaw through P.L. 111-174) ("The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection . . . . .").   However, as Rodriguez acknowledges, section 3553 of chapter 18 of the U.S. Code is not binding on Texas courts. *See generally Villarreal v. State*, 267 S.W.3d 204, 208 (Tex. App.—Corpus Christi 2008, no pet.) ("Fifth Circuit precedent is not binding on Texas courts, and its constitutional pronouncements are highly persuasive at best.").   We also decline to consider section 3553 because Texas has set out its sentencing objectives in section 1.02 of the Texas Penal Code, and we have discussed Rodriguez's reference to those objectives above.   *See* TEX. PENAL CODE ANN. § 1.02 (West, Westlaw through 2017 1st C.S.).