ACCEPTED
06-15-00004-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
7/23/2015 4:11:40 PM
DEBBIE AUTREY
CLERK

## NO. 06 – 15 -- 00004 – CR

IN THE SIXTH DISTRICT COURT OF APPEALS
TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
7/23/2015 4:11:40 PM
DEBBIE AUTREY
Clerk

## LESLIE LEE

### Appellant,

### v.

## THE STATE OF TEXAS

### Appellee

On appeal from the 188TH District Court, Gregg County, Texas
Trial Court Case No. 42,954-A

## BRIEF OF THE STATE OF TEXAS

### – ORAL ARGUMENT NOT REQUESTED –

CARL L. DORROUGH
District Attorney

Zan Colson Brown
Texas Bar No. 03205900
Assistant District Attorney
Gregg County, Texas
101 East Methvin St., Suite 333
Longview, Texas  75601
Telephone: (903) 236–8440
Facsimile:  (903) 236–3701

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ......................................................................................................1

**INDEX OF AUTHORITIES**............................................................................................2

**SUMMARY OF THE ARGUMENT** ............................................................................4

**ARGUMENT**....................................................................................................................5

1) The issue of disproportionate sentence/ Eighth Amendment violation was not preserved.........................................................................5

2) The sentence was not excessive....................................................................5

    A. *The sentence does not constitute cruel or unusual punishment*.........................................................................................5

    B. *The Sentence is not disproportionate* ......................................................6

**PRAYER** ..........................................................................................................................9

**CERTIFICATE OF SERVICE** ....................................................................................9

**CERTIFICATE OF COMPLIANCE**…………………………………................10

# INDEX OF AUTHORITIES

## Federal Cases

*Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680 , 115 L. Ed. 2d 836..............6

*McGruder v. Puckett,* 954 F.2d 313, 316 (5th Cir.), cert. denied, 506 U.S. 849, 121 L. Ed. 2d 98, 113 S. Ct. 146 (1992 ..................................................7, 8

*Solem v. Helm,* 463 U.S. 277, 103 S. Ct. 3001, 3006 , 77 L. Ed. 2d 637 (1983) ..6, 8

## State Cases

*Dunn v. State*, 997 S.W.2d 885, 891-9 (Tex. App.--Waco 1999) pet. ref'd ..............7

*Harris v. State*, 656 S.W.2d 481, (Tex. Crim. App. 1983);.....................................6

*Henderson v. State*, 962 S.W.2d 544, 558 (Tex. Crim. App. 1997)……………….5

*Hicks v. State*, 15 S.W.3d 626, 632 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) ...........................................................................................................7

*Jackson v. State*, 989 S.W.2d 842 846 (Tex. App.—Texarkana 1999, no pet.)5, 6, 7

*Lackey v. State*, 881 S.W.2d 418, 421 (Tex. App.--Dallas 1994, pet. ref'd.) ............7

*Mathews v. State*, 918 S.W.2d 666, 669 (Tex. App.--Beaumont 1996) pet. ref'd .....7

*McNew v. State*, 608 S.W.2d 166 (Tex. Crim. App. 1978) ......................................6

*Moore v. State*, 54 S.W.3d 529 (Tex. App.—Fort Worth 2001, pet. ref'd) ...........6, 8

*Price v. State*, 35 S.W.3d 136, 144 (Tex. App.--Waco 2000) pet. ref'd (op. on reh'g) ...............................................................................................................6

*Puga v. State*, 916 S.W.2d 547 (Tex. App.--San Antonio 1996) ............................7

*Richardson v. State*, 328 S.W.3d 61 (Tex. App.—Fort Worth 2010, pet. ref'd) .......5

*State ex rel. Smith v. Blackwell,* 500 S.W.2d 97, 104 (Tex. Crim. App. 1973..........6

## State Statutes

Tex. Pen. Code Ann. § 31.03 (Vernon) ...................................................................5

## State Rules

Tex. R. App. P. 33.1.............................................................................................5

## STATEMENT OF FACTS

WalMart loss-prevention associate Syzette Sparks, On December 4, 2012, observed Leslie Lee remove UPC labels from less expensive merchandise and place them on more expensive items. SX 2, Officer Bagley's initial report, pages 4-5 of 5.  Sparks recognized Lee from a prior shoplifting incident at another store location and watched her as she added the fraudulent UPC labels on top of the actual UPC labels, checked herself out, passed all points of sale and exited the store. SX 2, Det. Shirley's Supplemental Report, page 6 of 6.  Lee left the location in a white 2008 Dodge Charger, which was registered to Lee's mother. SX2, Supplemental Report, page 1 of 6.   The items taken, valued at $111.74, were recovered and released to WalMart.  SX 2 Supplemental Report, at 2 of 6. WalMart provided to police two receipts (one of the actual cost of the items, and one for the items with bogus UPC labels totaling $6.41), Sparks' written statement, and pictures of the items and the UPC labels. SX2.

Lee had two prior, misdemeanor theft convictions, in 2006 and 2010. A grand jury indicted Lee on September 12, 2013, for "theft; habitual." She pleaded guilty on October 8, 2014, when the Court learned she had been on parole  for felony DWI since 2009.  The Court denied her request for probation and sentenced her to six months in state jail. A motion for new trial was overruled by operation of law. This appeal ensued.

# SUMMARY OF THE ARGUMENT

1)      Appellant did not raise the issue of disproportionality of his sentence at his trial or in his motion for new trial. She has thus waived her right to raise it on appeal.

2)      Appellant's sentence was within the statutorily prescribed boundaries and was not cruel and unusual punishment; nor was it grossly disproportionate to the offense of habitual theft.

**ARGUMENT**

**1) The issue of disproportionate sentence/ Eighth Amendment violation was not preserved.**

To preserve error for appellate review, a defendant must make a timely, specific objection and obtain a ruling from the trial court. TEX. R. APP. P. 33.1. This requirement applies even to assertions that a sentence is cruel and unusual. *Richardson v. State*, 328 S.W.3d 61, 72 (Tex. App.—Fort Worth 2010, pet. ref'd) (citing *Henderson v. State*, 962 S.W.2d 544, 558 (Tex. Crim. App. 1997); *Jackson v. State*, 989 S.W.2d 842, 844 n.3 (Tex. App.—Texarkana 1999, no pet.).

The record contains no mention that the trial court was made aware of Lee's complaint.  Although Lee filed a generalized motion for new trial, it failed to assert the issue of cruel and unusual punishment.

**2) The sentence was not excessive.**

**A. The sentence does not constitute cruel or unusual punishment.**

Appellant was sentenced to six months' confinement in a state jail facility for theft-habitual. CR 25. The statutory punishment range for a conviction of habitual theft is from six months to two years in state jail. Tex. Pen. Code Ann. § 31.03 (Vernon)(e) (4) (D).  This sentence was the minimum within the statutorily permitted range.

The length of a criminal sentence is purely a matter of legislative prerogative. *Harmelin v. Michigan*, 501 U.S. 957, 962, 111 S. Ct. 2680, 2684, 115 L. Ed. 2d 836 (1991); *State ex rel. Smith v. Blackwell*, 500 S.W.2d 97, 104 (Tex. Crim. App. 1973). Texas has long held that any punishment assessed within the range that is authorized by statute is not cruel and unusual punishment, and does not render the sentence excessive. *See, e.g.*, *Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Price v. State*, 35 S.W.3d 136, 144 (Tex. App.--Waco 2000) pet. ref'd (op. on reh'g); *Moore v. State*, 54 S.W.3d 529 (Tex. App. – Fort Worth 2001) pet. ref'd); *McNew v. State*, 608 S.W.2d 166, 174 (Tex. Crim. App. 1978); *Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.)

## B. The Sentence is not disproportionate

In 1983, the United States Supreme Court affirmatively held that the Eighth Amendment prohibited "disproportionate" prison sentences. *Solem v. Helm,* 463 U.S. 277, 284, 103 S. Ct. 3001, 3006, 77 L. Ed. 2d 637 (1983) (recognizing that "the final clause [of the Eighth Amendment] prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed"). The Supreme Court identified three criteria to be used to evaluate the proportionality of a particular sentence. *Id.* at 292, 103 S. Ct. at 3011. They are "the gravity of the offense and the harshness of the penalty; . . . the sentences

imposed on other criminals in the same jurisdiction; and . . . the sentences imposed for commission of the same crime in other jurisdictions." *Id.*

As case-law developed, the Fifth Circuit concluded that "disproportionality survives; *Solem* does not." *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992) *cert. denied*, 506 U.S. 849, 121 L. Ed. 2d 98, 113 S. Ct. 146 (1992). The Fifth Circuit applied a modified *Solem* test adopted by Justice Kennedy of the United State's Supreme Court. *Id.* That is, the court initially made a threshold comparison of the gravity of the offense against the severity of the sentence. *Id.* Only upon a determination that the sentence is grossly disproportionate to the offense would the court consider the remaining *Solem* factors. *Id.*

Many appellate courts have followed and applied the Fifth Circuit's *McGruder* analysis in addressing Eighth Amendment proportionality complaints. *Hicks v. State*, 15 S.W.3d 626, 632 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd); *Dunn v. State*, 997 S.W.2d 885, 891-92 (Tex. App.--Waco 1999) pet. ref'd*; Jackson v. State,* 989 S.W.2d 842, 845 (Tex. App.--Texarkana 1999) no pet.; *Mathews v. State*, 918 S.W.2d 666, 669 (Tex. App.--Beaumont 1996) pet. ref'd; *Puga v. State*, 916 S.W.2d 547, 549-50 (Tex. App.--San Antonio 1996) no pet.; *Lackey v. State*, 881 S.W.2d 418, 421 (Tex. App.--Dallas 1994, pet. ref'd.)

Thus, the first step is to make a threshold comparison of the gravity of the offense against the severity of the sentence. *Solem,* 463 U.S. at 291-92, 103 S. Ct.

at 3010; *McGruder*, 954 F.2d at 316. A reviewing court is to judge the gravity of the offense in light of the harm caused or threatened to the victim or society, and the culpability of the offender. *Solem*, 463 U.S. at 291-92, 103 S. Ct. at 3010.

Here, Appellant was found guilty of theft of items worth $111.74 from WalMart. SX 2. The harm to the victim and to the public and to society is based not so much on the victim's loss (all items were recovered and returned to the victim) as on the repeated behaviors of the thief and the cost to the victim and its other customers who pay increased prices to cover the costs of preventing thefts and replacing stolen items. The Appellant's culpability was decided by her guilty plea; she admitted she is to blame for her behavior. Appellant's punishment is within the range of punishment assessable for the offense—at the lowest end of the range. *Moore*, 54 S.W.3d, 543. Comparing the gravity of appellant's offense (including her prior, jurisdictional offenses) to the severity of her sentence, it is not grossly disproportionate. Appellant's point of error should be overruled.

In the event that the Court should find this sentence grossly disproportionate, Appellant's contention must fail on the second and third prongs of the *Solem* test. Appellant has presented no evidence that her sentence is disproportionate when compared to sentences for the same crime in this jurisdiction and no evidence that the sentence is disproportionate when compared to the sentences from other jurisdictions. *Solem* at 292. Appellant's point of error should be overruled.

## PRAYER

The State prays that the sentence be affirmed because the appellant has failed to preserve error and failed to prove that her sentence was excessive, violated the 8th Amendment, or was grossly disproportionate to her offenses.

Respectfully Submitted,

CARL L. DORROUGH
Criminal District Attorney
Gregg County, Texas

By : /s/Zan Colson Brown
Zan Colson Brown
Texas Bar No. 03205900
Assistant District Attorney
101 East Methvin St., Suite 333
Longview, TX  75601
Telephone: (903) 236–8440
Facsimile:  (903) 236–3701

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been forwarded to appellate counsel by electronic transmission through E-file Texas to
Clement Dunn
140 E. Tyler, Suite 240
Longview, Texas 75601
clementdunn@aol.com

This 23rd day of July, 2015.

/s/ Zan Colson Brown___
Zan Colson Brown
Assistant District Attorney

# CERTIFICATE OF COMPLIANCE

I certify that the foregoing document complies with Texas Rules of Appellate Procedure, Rule 9 (2013) regarding length of documents, in that exclusive of caption, identify of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix, it consists of 1316 words.

/S/Zan Colson Brown
Zan Colson Brown
Assistant District Attorney